## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Eugene Longino | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 7079 |
| | ) | |
| Matteson Imports, and | ) | |
| National Auto Finance Corp., | ) | Judge Bucklo |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |

### MOTION TO STAY AND COMPEL ARBITRATION

NOW COMES Defendant, MATTESON IMPORTS by and through its attorney, Alison M. Harrington of Best, Vanderlaan & Harrington, and pursuant to 9 U.S.C.A § 1, et seq., requests this court to stay this matter and compel arbitration, and in support thereof states as follows:

1. Plaintiff Eugene Longino filed a complaint at law against Matteson Imports as the result of the sale of an automobile by Matteson Imports to Plaintiff on July 28, 2007.

2. As part of the transaction on July 28, 2007, Plaintiff signed several documents including an Arbitration Agreement. Attached hereto as Exhibit "A" is a copy of said Arbitration Agreement.

3. 9 U.S.C.A. § 3 states as follows:

   If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such

1

arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

4. The agreement attached hereto as Exhibit "A" states in part as follows:

You and we agree that if any Dispute arises, whether or not we have accepted the Order or completed the sale of the Vehicle, either you or we may demand in writing that the Dispute be arbitrated, in which case you and we agree that you and we will immediately stay any court proceedings and the plaintiff will submit the Dispute to binding arbitration by a single arbitrator under the "Supplementary Procedures for Consumer-Related Disputes" of the American Arbitration Association then in effect, in Chicago, Illinois.

5. 9 U.S.C.A. § 2, which states as follows:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

6. Pursuant to 9 U.S.C.A. § 2 agreements such as the agreement attached hereto as Exhibit "A" are valid, irrevocable and enforceable. Therefore, this matter is properly referable to arbitration pursuant to 9 U.S.C.A. § 3 and pursuant to the terms of said arbitration agreement, this matter should be stayed and Plaintiff be required to submit the Dispute to the American Arbitration Association as required by the agreement attached as Exhibit "A".

WHEREFORE, Defendant, MATTESON IMPORTS, prays that this court enter an Order as follows:

1. Matteson Imports Motion to Stay and Compel Arbitration is granted;

2

2. Plaintiff is required to submit this matter for Arbitration to the American Arbitration Association for arbitration by a single arbitrator under the "Supplementary Procedures for Consumer-Related Disputes"; and

3. This matter is hereby stayed until the completion of the Arbitration as governed by the Arbitration Agreement attached to Defendant's motion as Exhibit "A".

Respectfully submitted,

By: /s/ Alison M. Harrington
One of Its Attorneys

Alison M. Harrington
Nick Sideris
Best, Vanderlaan & Harrington
2100 Manchester Road, Suite 1420
Wheaton, Illinois 60187
(630) 752-8000
(630) 752-8763
ARDC

## CERTIFICATE OF SERVICE

I, the undersigned, state that I caused to be served the foregoing, with enclosures referred to thereon, if any, by mailing copies to the attorney(s) of record at the address(es) of record and depositing same in the U.S. Mail at 2100 Manchester Road, Suite 1420, Wheaton, Illinois 60187 before 5:00 P.M. on the 25th day of January, 2008.

/s/ Alison M. Harrington

# ARBITRATION AGREEMENT

In this Agreement, the term "you" refers to the Customer(s) signing below. The terms "we" and "us" or "Dealer" refer to Matteson Imports. This Agreement is part of your purchase Order for the Vehicle, is a material inducement for us to sell you the Vehicle, and shall survive the termination, expiration, or rescission of the Order and/or bill of sale, or any retail installment contract executed at the time you purchased the Vehicle.

You and we agree that if any Dispute arises, whether or not we have accepted the Order or completed the sale of the Vehicle, either you or we may demand in writing that the Dispute be arbitrated, in which case you and we agree that you and we will immediately stay any court proceedings and the plaintiff will submit the Dispute to binding arbitration by a single arbitrator under the "Supplementary Procedures for Consumer- Related Disputes" of the American Arbitration Association then in effect, in Chicago, Illinois. More information about the AAA can be found at www.adr.org. We believe that arbitration is an impartial means of resolving disputes that is usually faster and less expensive than going to court. For any Dispute (or part of a Dispute) that is not subject to arbitration, you and we WAIVE THE RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN A CLASS ACTION relating in any way to a Dispute, WAIVE ANY RIGHT YOU OR WE MAY HAVE TO A TRIAL BY JURY and agree to have such matter tried by a court without a jury. You and/or we will continue to have the following rights: 1) right to file for bankruptcy in court; 2) right to enforce or dispute the security interest in the Vehicle, whether by repossession or through a court of law; 3) right to take legal action to enforce the arbitrator's decision; and 4) right to request that a court of law review whether the arbitrator exceeded its authority.

A "Dispute" is any controversy or claim that relates in any way to the Vehicle, including, but not limited to, claims relating to the negotiation or breach of the Order and/or bill of sale for the Vehicle; the application for, negotiation of, and financing for the Vehicle (whether or not you complete the purchase of the Vehicle or obtain financing from any particular lender); any dispute relating to any service contract, extended warranty, or other product purchased by you or provided to you at the time you purchased the Vehicle or within 30 days thereafter, and any question regarding whether a matter is subject to arbitration under these provisions.

The arbitrator's award shall be final and binding on all parties to the arbitration. Either party may enter judgment on the award in any court. If either you or we are required to enforce this Agreement in court, the prevailing party in such proceeding shall be entitled to its attorneys' fees and costs incurred in doing so. Nothing in this Agreement shall give the arbitrator any authority, power, or right to alter, change, amend, modify, add to, or subtract from the provisions of the documents executed at the time of the purchase of the Vehicle.

The parties agree that this Agreement shall be governed by the Federal Arbitration Act, 9 USC §1 et seq. The parties further agree that if any provisions of this Agreement are found to be invalid, the remainder of this Agreement will remain in full force and effect, and agree that this Agreement shall be binding upon the parties hereto and their respective heirs, executors, representatives, employees, affiliates, successors, and assigns, and is for the benefit of such parties and any third parties involved -in the transaction (such as co-signers or service contract providers).

BY SIGNING BELOW YOU ACKNOWLEDGE THAT YOU HAVE READ THIS ARBITRATION AGREEMENT AND THAT YOU AGREE TO ITS TERMS AND CONDITIONS.

_____    _____
Customer                                                                        Customer

Dealer Representative: __Richard Hammons__   Date: __07/28/2007__



EXHIBIT "A"