F I L E D
2-4-2008 AC
FEB - 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## WAIVER OF SERVICE OF SUMMONS (Copy 1)

TO: _Dmitry Feofanov, ChicagoLemonLaw.com, P.C._
_404 Fourth Avenue West, Lyndon, IL, 61261_
(Name of Plaintiff's attorney or unrepresentative party)

I, Sylvia Borchert, acknowledge receipt of your request that I waive service of summons in the action of **Longino v. Matteson Imports**, which is case number **07 C 7079** in the United States District Court for the Northern District of Illinois.

I have also received one copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I, (or the entity on whose behalf I am acting), will retain all defenses or objections to the lawsuit or the jurisdiction or venue of the court except for objections based upon defect in the summons or in the service of summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting), if an answer or motion under Rule 12 is not served upon you within 60 days after January 4, 2008, or within 90 days after that date if the request was sent outside the United States.

_January 9, 2008_                    _Sylvia Borchert_
(Date)                                (Signature)

Printed/Typed Name  _Sylvia Borchert_
                                      _Nuvell National Auto Finance LLC d/b/a_
As _Assistant Sect._ of _National Auto Finance Company_
    (Title)                           (Corporate Defendant)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A Defendant located in the United States who, after being notified of an action and asked by the Plaintiff located in the United States to waive service of summons, fails to do so will be required by the court to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its persons or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action is brought.

A Defendant who waives service must within the time specified on the waiver form serve on the Plaintiff's attorney (or unrepresentative Plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within the time, a default judgment may be taken against that Defendant. By waiving service, a Defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.